# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2541

_____

Scott Hendriks,                            *
                                           *
                    Appellant,             *
                                           *   Appeal from the United States
        v.                                 *   District Court for the Southern
                                           *   District of Iowa.
City of Muscatine; Gary Coderoni;          *
Michael Scott; Terry Carman,               *        [UNPUBLISHED]
                                           *
                    Appellees.             *

_____

Submitted:  March 11, 2004

Filed:  March 18, 2004
_____

Before WOLLMAN, FAGG, and HANSEN, Circuit Judges.
_____

PER CURIAM.

        Scott Hendriks resigned his job as a police officer with the Muscatine Police
Department after he received a negative evaluation for issuing low numbers of traffic
tickets.  Hendriks then brought this 42 U.S.C. § 1983 action alleging the City of
Muscatine violated his substantive due process rights by violating a state law banning
ticket quotas and constructively discharging him for refusing to comply with the

quotas. The district court[*] granted summary judgment to the City. Hendriks appeals, and we affirm.

The substantive component of the due process clause protects individuals against arbitrary government action. County of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998). In cases challenging executive action, only the most egregious official conduct is unconstitutionally arbitrary. Id. at 846. The threshold question is whether the government official's conduct is so egregious or outrageous that it shocks the contemporary conscience. Id. at 848 n.8. The district court held that, viewing the evidence in light most favorable to Hendriks, "the record contain[ed] insufficient evidence to generate a genuine issue of material fact regarding whether Muscatine's actions rose to the level of shocking the conscience." We agree. Contrary to Hendriks's assertion, he was not required to violate state law as a part of his police duties. There is no evidence in this case that the City required Hendriks to perform any illegal act. The police department simply implemented an employment policy for evaluating one component of an officer's performance based on the number of tickets the officer has written versus the shift average. The police department's implementation and application of the policy does not amount to egregious or outrageous executive action necessary to state a substantive due process claim. See id.

As for Hendriks's claim that the City discharged him in violation of public policy, Hendriks had to show, among other things, that he was discharged. Fitzgerald v. Salsbury Chem., Inc., 613 N.W.2d 275, 281 (Iowa 2000). Hendriks quit, but he argues he was constructively discharged when the City imposed a ticket quota in violation of Iowa Code § 321.492A, and when the City temporarily moved him from the day shift to the swing shift in an effort to retrain him for three months, even

_____

[*]The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, sitting by consent of the parties.

though he retained the same job title, responsibilities, pay, and benefits. A constructive discharge occurs when an employer deliberately renders an employee's working conditions intolerable and thus forces the employee to quit. Tenkku v. Normandy Bank, 348 F.3d 737, 742 (8th Cir. 2003). We agree with the district court that Hendriks failed to generate a material issue of fact on constructive discharge. Hendriks was not asked to violate the law, but merely to improve his traffic enforcement work. Further, dissatisfaction with a work assignment is usually not intolerable enough to establish constructive discharge. Tidwell v. Meyer's Bakeries, Inc., 93 F.3d 490, 496 (8th Cir. 1996). Given the City's consistent criticism of Hendriks's job performance, it cannot be said that the temporary reassignment was part of a plan to force him to quit. Tenkku, 348 F.3d at 742-43. The City did not make Hendriks's working conditions so intolerable that he was forced to resign involuntarily. See Jeanes v. Allied Life Ins. Co., 300 F.3d 938, 943 (8th Cir. 2002).

We thus affirm the district court's grant of summary judgment to the City.

_____